## MATCOSKI v CANTON (city)

Ohio Appeals, 5th Dist, Stark Co

Decided Oct 17, 1935

E. L. Mills, Canton, and H. H. Creighton, Canton, for plaintiff in error.

W. Bernard Rodgers, City Solicitor, Canton, for defendant in error.

## OPINION

By SHERICK, J.

This is an action for damages for personal injury sustained by Mike Matcoski on the third day of September, 1932, as the result of being run into at a street intersection by an automobile owned by the city of Canton. Omitting the formal averments of the plaintiff's petition, the specifications of negligence and the nature of the injury, it is pleaded as follows:

"Said Ford Model C Coupe was owned by the defendant and operated by one whose name this plaintiff is now unable to state, who was then and there the agent of the defendant and at said time was acting on behalf of the defendant and within the scope of his employment."

The city's answer specifically denies that the operator of its motor vehicle was the agent of the city, but asserts that its driver was a minor then engaged in hauling vegetables from a war veterans' camp to needy poor in Canton and vicinity. It is further alleged that the car had been loaned gratuitously by a city employee to the veterans' organization, and that it exercised no control over the automobile and was not responsible for the injuries which the plaintiff suffered.

Upon trial, at the conclusion of the plaintiff's case and at the end of all the evidence the city moved for an instructed verdict in its favor. These motions were overruled and the cause was submitted to the jury, which returned a verdict for $12,000 in plaintiff's favor. Thereupon the city moved for a new trial and for judgment non obstante veredicto. The motion for new trial was denied, and that for judgment notwithstanding the verdict was sustained, and judgment was entered in the city's favor.

From that judgment the plaintiff prosecutes error. It is claimed that the court erred in sustaining the defendant's motion for judgment non obstante veredicto. It is asked that this court reverse the judgment, and that under the authority of §12272, GC, this court render such judgment in plaintiff's favor as the trial court should have entered.

The trial court's journal apprises us that its reason for sustaining this motion was the fact that the city was entitled to judgment upon the pleadings, notwithstanding the jury's verdict. We are of opinion that the court did err in this respect, but we are unwilling to reverse this judgment because thereof. We now set forth our reason for the views entertained.

The averments quoted from the plaintiff's petition recite that the driver of the automobile was the city's agent, and was acting on behalf of it while in the course of his employment. The pleader refrained from alleging that the thing then being done was in the course of performing a governmental or proprietary function. Viewing this pleading as if it had been an attack by demurrer, it must be considered in its most favorable light to the pleader, that is, that the acts then performed were done in the exercise of a proprietary function. Examined in this light, the petition states a cause of action.

It will be noted that the answer admits ownership. It does not aver the performance of a governmental duty. Neither does it deny its engagement in a proprietary

activity, but only excuses the car's use by saying that it was then being used by the veterans' organization for charitable purposes. We are not advised by the pleading that the city was not engaged in administering this charity, other than that it was gratuitously furnishing the car. Inasmuch as there is no positive denial, we must and do conclude that the pleadings do not warrant a judgment in defendant's favor.

We are not only mindful of the provision of §11601, GC, as it existed prior to September 2nd of this year, in that such motions may only be considered in the light of the pleadings, but are mindful of the section's recent amendment as found in 116 Ohio Laws 413, which now prescribes that the evidence received on trial may also be considered by the court. We recognize that the court's action on this motion was had as of April 18th, prior to the effective date of the amendment, and that the amendment recognizes perhaps a problematical question of the policy of enlargement of a trial court's power. It is far reaching in that trial courts might usurp a jury's province. We are not, however, here inclined to question its efficacy, but merely remark that under their present terms trial courts are empowered to examine into the proof made at trial. This represents an enlargement of policy recognized and declared by legislative enactment. These comments are made with the thought in mind that the trial court said to the jury in its general charge that the proof made in this case did not establish that the driver of the car was the city's agent. We have examined the evidence and found that no attempt was in fact made to prove this averment. We also note that no proof was offered, other than the gratuitous loan of the automobile, to the effect that the city was engaged in or had a connection with the charitable activity promoted by the war veterans, hence the driver of the car was not shown to have been engaged upon the business of the municipal corporation.

After the decision of the Supreme Court in the case of **City of Wooster v Arbenz, 116 Oh St 281, 156 NE 210,** the Legislature enacted §3714-1, GC, which recognized in part a pre-existing right in cases of a proprietary character, and prescribed municipal liability in governmental activities with certain limitations in both classes. This section provides:

"Every municipal corporation shall be liable in damages for injury or loss to persons or property and for death by wrongful act caused by the negligence of its officers, agents, or servants while engaged in the operation of any vehicles upon the public highways of this state under the same rules and subject to the same limitations as apply to private corporations for profit but only when such officer, agent or servant is engaged upon the business of the municipal corporation * * *." The last portion of the quoted section is but a legislative recognition of the previous Ohio law as recognized and applied by the courts of this state. The Arbenz case, supra, re-annunciates the well-recognized rule long adhered to in this state that cities are not liable in tort except as made so by statute. There was no statute in force favoring the plaintiff at the time of his injury. He made no proof of agency, or of the fact that the driver was engaged upon the business of the municipal corporation. This being true the trial court should have sustained the defendant's motions for a directed verdict. But this was not done. If we were to accede to the plaintiff's request and reverse this judgment and enter final judgment we would deprive the city of a judgment to which it is justly entitled and give to the plaintiff that to which he is not entitled under his proof, or, rather, his failure thereof.

This court has never encountered a situation wherein the provisions of §11364, **GC,** might be more properly invoked or demanded in the interest of effecting justice as between the parties to an action. That section reads in part as follows:

"In every stage of an action, the court must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party. No judgment shall be reversed, or affected, by reason of such error or defect."

One further thought: Inasmuch as the trial court has already denied the motion filed for a new trial it would create a labyrinthian situation to reverse this judgment and remand this cause to the trial court for further proceedings.

It is our judgment that the trial court's judgment should be and it hereby is affirmed.

Judgment affirmed.

LEMERT, PJ, and MONTGOMERY, J, concur.